1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILLOUGHBY, | CASE NO. 1:11-cv-00281 AWI GSA PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DR. ENENMOH, et al., | (ECF No. 10) |
| Defendants. | |
| _____/ | |

## Screening Order

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).   This action proceeds on the June 7, 2011, first amended complaint.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1]Plaintiff filed his first amended complaint before the Court screened the original complaint.  Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff may amend the complaint once, as a matter of right, so long as a responsive pleading has not been filed.  No answer has been filed, and no defendant has entered an appearance.  This action therefore proceeds on the June 7, 2011, first amended complaint.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the R.J. Donovan Correctional Facility in San Diego, brings this civil rights action against officials of the Department of Corrections and Rehabilitation at the Substance Abuse Treatment Facility at Corcoran (SATF). Plaintiff claims that he has been denied adequate medical care such that it violated the Eighth Amendment prohibition on cruel and unusual punishment. Plaintiff names the following individual defendants at SATF: Chief Medical Officer A. Enenmoh; Dr. Metts; Dr. Beregovskaya; A. Hunt, RN; D. Ybarra, RN. Plaintiff also names J. Walker, Chief of Prison Health Care Services and Dr. Winn, a Physician at Deuel Vocational Institution (DVI).

Plaintiff was received into CDCR custody in 2009. In 1999, he suffered serious injuries in a car accident, resulting in a broken femur. Plaintiff uses a cane and was undergoing physical therapy and pain management. Prior to his entry into the CDCR. Plaintiff was prescribed Vicodin, Oxycontin, Gabapentin, Morphine and "other pain related medications."

Plaintiff was received into the CDCR at DVI. Plaintiff was seen by Dr. Winn for initial medical screening. Plaintiff advised Dr. Winn of his medical history. Dr. Winn prescribed Naproxin for pain and a walking cane. Plaintiff did not receive the cane for 45 days, at which time he was

housed at SATF.

On October 15, 2009, Plaintiff began to complain daily of "debilitating" pain and problems with his hip and leg. Plaintiff alleges that "nothing was accomplished" be medical staff and that he was advised that he would see a doctor at some point.

On March 19, 2010, Plaintiff filed an inmate grievance regarding his health care. On May 4, 2010, Plaintiff was interviewed by Dr. Enenmoh and Dr. Beregovskaya. The doctors ordered an x-ray and prescribed pain mediation (Indocin and Neurontin). Plaintiff continued to experience pain and discomfort. On May 19, 2010, Dr. Enenmoh denied Plaintiff's grievance. Plaintiff alleges that, at the final level of review, J. Walker, the Chief of Prison Health Care Services for the CDCR, reviewed Plaintiff's medical records. He found that Plaintiff suffered from "post surgical changes, old fracture with residual deformity involving the right femur." On January 20, 2011, Plaintiff was transferred to CSP Lancaster.

### A.   Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Additionally, plaintiff cannot prevail in a section 1983 action where only the quality of

1  treatment is subject to dispute. <u>Sanchez v. Vild</u>, 891 F.2d  240 (9th Cir. 1989).  Mere difference of

2  opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise

3  to a section 1983 claim. <u>Hatton v. Arpaio</u>, 217 F.3d 845 (9th Cir. 2000);  <u>Franklin v. Oregon</u>, 662

4  F.2d 1337, 1344 (9th Cir. 1981).

5         Here, the allegations indicate, at most, a disagreement with the course of Plaintiff's treatment.

6  The crux of Plaintiff's complaint is that the CDCR is not providing the same treatment that Plaintiff

7  received prior to his incarceration.  Such allegations clearly fail to state a claim for relief.  In order

8  to hold an individual defendant liable,  Plaintiff must allege facts indicating that the defendant knew

9  of a serious medical condition and acted with deliberate indifference to it.  That a defendant may

10  have chosen a different course of treatment does not subject them to liability.   The complaint must

11  therefore be dismissed.  The Court will, however, grant Plaintiff one opportunity to file an amended

12  complaint.

13         Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to

14  hold an individual defendant liable, Plaintiff must name the individual defendant, describe where

15  that defendant is employed and in what capacity, and explain how that defendant acted under color

16  of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must

17  describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

18  Plaintiff has failed to do so here.

19  **III.   <u>Conclusion and Order</u>**

20         The Court has screened Plaintiff's first amended complaint and finds that it does not state

21  any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff

22  with the opportunity to file a second amended complaint curing the deficiencies identified by the

23  Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned

24  that he may not change the nature of this suit by adding new, unrelated claims in his amended

25  complaint. <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

26         Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state

27  what each named defendant did that led to the deprivation of Plaintiff's constitutional or other

28  federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations

4

must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp.</u>

<u>v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

<u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing

to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at

1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to
      state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
      second amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended
      complaint and any attempt to do so will result in an order striking the amended
      complaint; and

5.    If Plaintiff fails to file a second amended complaint, the Court will recommend that
      this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **December 18, 2012**                    _____ **/s/ Gary S. Austin** _____
                                                          UNITED STATES MAGISTRATE JUDGE